Potter, J.
 

 We cannot doubt the right of appeal in this case.
 

 
 *515
 
 The fourth reason of appeal is, that if the estate is insolvent it has been made so by tbe conduct of the executor. This might be a proper charge as a ground for his removal and for his being called to account.
 

 The third reason is, that the executor had made payments of debts before representing the estate insolvent. If any executor, believing the estate solvent, pays debts, and this fact is to prevent his afterward representing it insolvent, and to be construed as an admission of assets,
 
 Bates
 
 v.
 
 Kimball,
 
 1 Vt. 95, so as to render him liable for all debts, it would operate in many cases as a monstrous injustice, and we cannot give the statute, Gen. Stat. R. I. cap. 175, § 2, such a construction unless its language absolutely requires it.
 
 [1]
 

 The language is : “ The executor or administrator of
 
 any such insolvent
 
 estate
 
 before payment to any be made,
 
 except, &c., .... shall represent the circumstances and condition thereof unto the Court of Probate,” &c.
 

 If the executor knows or has reason to suspect that the estate is insolvent and chooses to pay any debts in full, it may be said that he does it at his own risk. But the act mentions only the executor of
 
 an insolvent estate.
 
 Who is to decide ? Must every estate be represented insolvent ? The legislature certainly could
 
 *516
 
 not have so intended. The Court of Probate bas no discretion. The law says it shall appoint commissioners.
 

 Appeal dismissed and decree of the Municipal Court confirmed.
 

 Lapham f
 
 Lockwood, for appellants.
 

 Hopkins f Potter.,
 
 for appellees.
 

 The proper construction seems to us to be that the executor must exercise a discretion as to the representation. And for this he should be allowed a reasonable time ; if he, believing the estate solvent, pays a debt in full, and afterwards represents it insolvent, there is no reason in justice or in the law why he should not be allowed the amount to which the creditor he has paid would have been entitled if allowed by commissioners.
 

 Under the old English system the executor was required to pay the debts in a certain order. And if by paying a debt of a lower order he exhausted the assets, so that a debt of a higher order remained unpaid, he became personally liable. The only legal notice to the executor of the existence of a claim was by suit, and the creditors might by bill in chancery compel an equitable distribution of the assets. The executor might have his accounts passed by the ordinary, but the only way in which he could be exonerated was in equity.
 
 Low
 
 v. Carter, 1 Beav. 426 ;
 
 Knatchbull
 
 v. Fearnhead, 3 Myl. & C. 122, 126, and cases there cited; and it has been held there that as to the disposition of assets not already applied, the executor who has paid a debt is substituted to the rights of the creditor paid by him.
 
 Jones
 
 v. Juices, 2 Ves. Jun. 518. And in Massachusetts, where an executor before probate paid a debt, and afterwards discovered the estate to be insolvent, and so represented it to the Court of Probate, it was held that the executor could present the debt before commissioners, and be entitled to
 
 pro rata
 
 payment, and could recover back the overplus of the creditor to whom he had paid it.
 
 Bliss
 
 v. Lee, 17 Pick. 83 ;
 
 Richards
 
 v. Nightingale, 9 Allen, 149.
 

 The first reason of appeal, that the estate was not actually insolvent, must be overruled. That can only be determined by following the course pointed out by law. It is not a matter for jury trial. The other reasons of appeal are also overruled. Whether, if the executor had settled an account in which payment by him of any debt had been allowed, the court could relieve, is not involved in this case, and we do not mean to decide it.
 

 [1]
 

 The language of this section and of the next preceding one is:
 

 ‘ ‘ Section 1. Whenever the estate of any person deceased shall be insolvent or insufficient to pay all the just debts which the deceased owed, the same shall be distributed to and among all the creditors, in proportion to the sums to them respectively owing, so far as the said estate will extend; saving that the debts due to the United States and necessary funeral charges of the deceased, the charges for attendance, and medicines in the last sickness, debts due to this State, and all state and town taxes, are to be first paid, and in the order in which they are named.
 

 “ Sect. 2. The executor or administrator of any such insolvent estate, before payment to any be made, except as aforesaid, shall represent the condition and circumstances thereof unto the Court of Probate which granted letters testamentary, or of administration thereon; and the said court shall appoint three fit and disinterested persons to be commissioners, with full power to receive and examine all claims of the several creditors, against such estates.”
 

 Note by Mr. Justice Potter. — The words “ before payment,” &c., are found in the first act for the settlement of insolvent estates of deceased persons passed in Rhode Island, a. d. 1758. They are also in the Digest of 1798, and in the succeeding ones. They are also in the Massachusetts Act of 1696 (Ancient Charters and Laws), and in the Connecticut revision of 1784, and probably earlier. The substantive parts of the acts were very much the same.