HELEN P. BASTEDO *vs.* BOARD OF REVIEW OF
THE CITY OF NEWPORT.

JULY 14, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari to
reverse the decision of the respondent board granting the

petition for an exception under the zoning ordinance of the city of Newport permitting certain real estate to be used for a funeral home. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that Eileen M. Hoffman, owner of the property in question, and Dwight C. Hambly and Charles A. Hambly, who operate the Hambly Funeral Home, filed a petition with the zoning board of review requesting an exception to the zoning ordinance: "For the establishment of a funeral home with off street parking and with dwelling unit on the premises."

It further appears that the property desired to be used for a funeral home is located at 50 Red Cross avenue and is known as "Brick House"; that the lot has a frontage of 272.8 feet on Red Cross avenue, and extends easterly 424 feet to Rhode Island avenue on which it borders 250.5 feet; that on the northerly side is the property of Margaret Drummond-Wolff and on the southerly side is other land of the applicant Eileen M. Hoffman; and that the entire lot contains approximately 110,914 square feet.

Before considering petitioner's reasons for her prayer for relief, it is necessary to consider respondent's contention that she is not an aggrieved person under the statute. General laws 1956, §45-24-20, provides that any person aggrieved by any decision of the board may present a petition to this court. It does not attempt to define the word aggrieved.

As respondent points out, petitioner does not state that her property is in a residential district, or if it is in such a district that it is in the same residential district as the Hoffman property; nor does petitioner reveal what the nature and character of her property is. Counsel did state that petitioner's property was on Oakwood Terrace a short distance from Mrs. Hoffman's property and Charles A. Hambly testified to that effect.

In *Flynn* v. *Zoning Board of Review*, 77 R. I. 118, at page 122, referring to the right to bring a petition, we stated: "But generally speaking the owner of property, the use of which naturally would be affected adversely by a decision granting an exception or variance, is considered to be an aggrieved person having a right to such a review. *Madden* v. *Zoning Board of Review*, 48 R. I. 175. See also *Buckminster* v. *Zoning Board of Review*, 69 R. I. 396, and *M. & L. Die & Tool Co.* v. *Board of Review*, 76 R. I. 417." In the instant case there was evidence of proximity and we think petitioner had a right to be heard.

The petitioner's reasons for her contention that respondent's decision should be reversed are as follows: (a) that the board of review lacks jurisdiction under section 78-12 of the ordinance to grant a petition for an exception to permit the use of land in an R 20 district for a funeral home; (b) that assuming the board has such jurisdiction the applicant Eileen M. Hoffman has wholly failed to sustain the burden of proof cast upon her; and (c) that the decision of the board does not set forth findings of fact or reasons therefor as required by law.

In granting the exception, the board relied on an ordinance adopted by the city council of Newport on November 12, 1958 amending ordinance number 141, which amended chapter 78 of the ordinances as amended.

With reference to R 20 districts, the pertinent portion of section 78-7 of the zoning ordinance as it existed at the time applicants' petition was heard reads as follows:

"Special Exceptions

"The following uses may be allowed but only when authorized by the Board of Review as Special Exceptions:

"(1) The uses allowed as Special Exceptions in R 40.

"(2) Public or semi-public institutions, educational and charitable, but not including a jail, reformatory or correctional institution.

"(3) Clubs except those the chief activity of which is service customarily conducted as a business.

"(4) Funeral parlor or funeral home."

It is clear from the ordinance that a funeral home is a permissible use in an R 20 district. However, petitioner contends that sec. 78-7 does not vest in the board of review the power to grant the exceptions enumerated therein.

Section 78-12 of the zoning ordinance was not amended when the amendment was made to sec. 78-7. In our opinion that was not necessary. General laws 1956, §45-24-13, the enabling act, provides for a board of review, and §45-24-19 provides that such board shall have certain powers among which is the power "(b) To hear and decide special exceptions to the terms of the ordinance, upon which such board is authorized to pass under such ordinance."

Section 78-12 provides for a board of review. Paragraph (A) thereof sets out the composition of the board, and (B) treats of the powers and duties, among others, "(3) To decide requests for special exceptions in the following cases: (a) In residential Districts as indicated in Section 78-7." There follow other cases in which the board may grant exceptions.

It is clear from a reading of sec. 78-7 of the ordinance as amended and from sec. 78-12 which has not been amended that the board had the power and was authorized to pass upon the applicants' requested special exception. Therefore petitioner's first reason is not tenable.

The petitioner also contends that Mrs. Hoffman wholly failed to sustain the burden of proof cast upon her. In granting the applicants' request for an exception the board was bound by the terms of sec. 78-12(C)(3) of the ordinance to see that such exception "(a) will not create or aggravate a traffic or fire hazard; (b) will not block or hamper the city pattern of circulation; (c) will not tend to depreciate the value of property in the neighborhood or be otherwise detrimental to the neighborhood or its

residents or alter the neighborhood's essential characteristics."

The house at 50 Red Cross avenue is on a lot containing more than two and one-half acres, is located about 175 feet from said avenue and about the same distance from Rhode Island avenue, and is 50 feet from the line of the Drummond-Wolff property. On the southerly side the land is bounded by other land of the applicant Eileen M. Hoffman. There was testimony that part of the Drummond-Wolff property had been recently sold for a rest home. It appeared that on Red Cross avenue there is a hedge six feet in height, on Rhode Island avenue a stone wall, and on the Drummond-Wolff line a wire fence. There was testimony that on Red Cross avenue there were single-family dwellings and a few apartments and that St. Michael's private school was on Rhode Island avenue opposite the Hoffman property. There is a parking area on the lot about 100 by 60 feet.

There was evidence that if the exception were granted the funeral home would have a parking lot on its own land and funeral processions would not form on the public highway but on the driveway and parking area of the funeral home. There was also evidence that a number of nearby property owners had signed a petition to the effect that they had no objection to the proposed funeral home.

No remonstrant appeared in person nor did petitioner offer any testimony in refutation of testimony given or any evidence from which one might determine what specific damage she would suffer if the exception were granted. A real estate agent testified that the proposed funeral home would have no adverse effect upon surrounding property.

There was affirmative testimony from which the board might reasonably conclude that since the proposed funeral home would have sufficient land for the parking of vehicles and the formation of funeral processions, traffic on the highway would not be impeded nor would there be any fire

hazard because of traffic congestion. Since property owners are watchful of any neighborhood change that is likely to depreciate real estate values, it is significant that not a single real estate owner came before the board and expressed an objection to the proposed funeral home. We are of the opinion that the board could reasonably find from the evidence before it that the applicants had sustained the burden placed upon them by the ordinance.

The petitioner's third objection to the board's decision is that it does not set forth findings of fact or reasons therefor as required by law. Section 78-12(C)(3) of the ordinance requires that all determinations of the board shall be made in accordance with the comprehensive plan specified in the enabling act and in harmony with the law as expressed therein, and more particularly that no permit for a special exception shall be issued unless the board finds that the proposed building or the proposed use of land: "(a) will not create or aggravate a traffic or fire hazard; (b) will not block or hamper the city pattern of circulation; (c) will not tend to depreciate the value of property in the neighborhood or be otherwise detrimental to the neighborhood or its residents or alter the neighborhood's essential characteristics."

It is true that the board's decision does not categorically discuss and answer each of these conditions; nevertheless the decision rests upon evidence which was clear and uncontradicted. In the case of *Coffin* v. *Zoning Board of Review*, 81 R. I. 112, the same question was raised that is being raised here in reference to the board's decision. In that case we stated at page 114: "In the instant case, however, the *undisputed* facts in evidence show the board's reasons sufficiently so that we may perform our duty and be justified in overlooking this infirmity in the decision."

In the case before us we are satisfied, from a review of the record, with the basis for the board's decision. *Winters* v. *Zoning Board of Review*, 80 R. I. 275. From an inspection

of the record we are of the opinion that the board could reasonably conclude that since funeral processions would not form on the highway, the exception if granted would not create a fire hazard, would not aggravate the traffic problem, and would not hamper the city pattern of circulation. The board could also find that the exception if granted would not have a detrimental effect upon the neighborhood. After a careful consideration of the entire record we cannot say that the board's decision was illegal, arbitrary or an abuse of discretion.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered sent back to the board.

*Cornelius C. Moore, Salvatore L. Virgadamo, Francis J. Boyle, Jeremiah C. Lynch, Jr., Cornelius F. Murphy, Jr.,* for petitioner.

*John F. Phelan,* City Solicitor, *Sheffield & Harvey, W. Ward Harvey,* for respondent.