EARLE N. DAVIS *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JANUARY 12, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Warwick wherein the board granted an application for an exception to the terms of the zoning ordinance. Pursuant to the writ the respondent board has returned to this court a certified copy of the record in the cause.

It appears therefrom that George N. Sullivan is the owner of a parcel of land designated as lot 168 on assessor's plat 347 and located on Larkin avenue in that city. This lot is zoned for residential uses. On March 30, 1961 Sullivan made application to the board for an exception, referring specifically to the provisions of sec. 14.2.4.3 of the zoning ordinance, under which he sought permission to place a mobile home, so called, on the lot under consideration. It is not disputed that the location of the mobile home on this lot is not a permitted use under the ordinance. The petitioners are among several property owners who objected to the granting of the exception.

Authority to make exceptions to the terms of the zoning ordinance is conferred upon the respondent board by sec. 14.2.4 thereof, pertinent portions of which read: "In appropriate cases and subject to appropriate conditions and safeguards that promote the general welfare of the city to make special exceptions to the terms of this ordinance in harmony with its general purpose and intent in the following cases * * *." In sec. 14.2.4.3 provision is made for the specific exception here under consideration as follows: "In undeveloped sections of the city to allow temporary and conditional permits for structures and uses that will not hinder the future development of the city and that do not con-

form to the regulations herein prescribed, provided that no such permit shall be good for more than two years."

The exception was granted by the respondent board at the conclusion of a hearing held thereon, the board stating its decision as follows: "Whereas the Board has the power to grant in special cases temporary permits for structures that will not hinder the future development of the city; therefore, be it resolved that this petition be granted on that ground for a period of two (2) years with the following stipulation: 1. This grant shall be subject to the recommendations of the Sanitary Inspector."

The petitioners contend that the decision of the board was arbitrary and constituted an abuse of discretion. They support this contention by arguing, first, that the board exercised its authority to grant an exception without making a valid finding that the exception, if granted, would "promote the general welfare of the city" as provided by the ordinance. There is nothing in the record, they argue, from which the board would be warranted in making the requisite finding. This contention, in our opinion, misconceives the nature of the requirement of the ordinance. The ordinance directs that the board, when it grants an exception, impose thereon whatever conditions or safeguards it finds are reasonably necessary to make the grant of the exception consistent with the public interest.

This provision of the ordinance is not to be construed as restricting the power of the board to act only in such cases as warrant an affirmative finding that the public interest will be furthered if the exception is granted. Rather it requires only that the board, in granting an exception, subject it to such conditions and safeguards as will reasonably preclude its having an adverse effect upon the public interest. In the instant case the board granted the exception subject to compliance with recommendations that might be made by the sanitary inspector. The clear implication of the imposition of this condition is that the board con-

sidered the relation between the exception and the public interest and determined that compliance with properly prescribed sanitary measures would be sufficient to preclude the grant from having a contrary effect upon the public interest. In these circumstances it is our conclusion that the board did not in this respect act arbitrarily.

The petitioners also challenge the decision of the board for reasons that relate to that provision of the ordinance which restricts the exception here to parcels of land that are located within an "undeveloped" section of the city. In the first place, they argue that the decision constitutes an abuse of discretion because the board made no finding that the lot under consideration was located in an undeveloped section of the city. It is clear, however, from the record that the application made specific reference to the exception sought and that the board granted that specific exception. In such circumstances it is our opinion that a finding that the area was in an undeveloped section is implicit in the decision.

This court has repeatedly said that where a record contains nothing which reveals the grounds upon which the decision of a board is based, it will not engage in speculation concerning such grounds. *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515. Likewise in *Cardin* v. *Zoning Board of Review*, 80 R. I. 136, this court declined to speculate as to the ground upon which the board granted a permit for the storage of lumber on certain property for a two-year period. In that case, however, the phrasing of the decision of the board was such that, apart from speculation, this court could not determine whether the board had intended to grant a variance to the terms of the zoning ordinance or to grant an exception providing for such a temporary permit. These cases, it is clear, involve situations in which the grounds for a board's action to which this court must look to determine the validity thereof are not revealed. In the instant case the board acted affirmatively to grant a

specific exception and that circumstance is sufficient, in our opinion, to take it out of the purview of cases such as those cited above.

The petitioners also argue that the decision of the board was arbitrary in that there is in the record no competent evidence from which the board would be warranted in finding that the applicant had proved that the lot in question was in an undeveloped section of the city. We are constrained to agree that the evidence in the record here probative of the undeveloped state of the section in which this lot is located is meager. We also agree with petitioners' contention that nothing appears in the record from which we could reasonably conclude that in granting this application the board was acting in reliance upon its own knowledge as to the extent to which this section was developed.

However, the ordinance does not define the phrase "undeveloped sections" as it appears therein, and for that reason it must be construed as giving the board of review a wide discretion in the determination as to those sections of the city wherein the exception could be applied. This court will not by resorting to rules of construction write into the ordinance such a definition even though it might well constitute a basis for passing upon the relevancy or materiality of the evidence that is in the record bearing on this issue. We must conclude, therefore, that the instant case falls within our well-settled rule that in reviewing the action of a board of review under the zoning statute, we generally will refuse to pass upon the weight of the evidence adduced to establish an applicant's right to an exception or a variance. In the special circumstances here it is our opinion that there is in the record photographic exhibits and other evidence which are relevant to the issue in question and from which the board would be warranted in finding that the lot in question is in an undeveloped section of the city.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decision of the re-

spondent board is affirmed, and the record in the case certified to this court is ordered sent back to the respondent board.

*Leo B. Charbonneau, Edwin B. Tetlow,* for petitioners.

*James R. Morriss,* City Solicitor, *James P. Quirk,* Assistant City Solicitor, for respondent.