252 A.2d 23.

REMEDIO D'ALMEIDA *vs.* SHELDON REALTY COMPANY *et al.*

APRIL 3, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the board of appeals of the city of Pawtucket granting an application for a variance from the terms of the zoning ordinance whereby Sheldon Realty Company, hereinafter referred to as Sheldon, was given permission to erect a building on land classified for industrial uses to be used as a retail liquor store. Pursuant to the writ the respondent board has certified to this court the record pertaining to that decision.

The record discloses that Sheldon is the owner of a tract of land lying easterly of Lonsdale Avenue in Pawtucket known as the Coats Field Shoppers World. Several buildings located on this tract are used as commercial retail outlets, and a considerable portion thereof is used as a parking lot for these stores. Sheldon sought permission to erect a small building on this lot, which was to be leased to a retail liquor distributor for use as a retail liquor outlet. The board viewed the premises and heard the testimony of a realtor, who stated that because of the commercial character of the surrounding area, the lot could be used only for commercial purposes; that the tract was too small for use by any suitable industrial enterprise; and that the highest and best use would be commercial. The board went on to find that because of the special conditions existing with respect to the tract, a literal enforcement of the provisions of the ordinance would result in unnecessary hardship and thus the board granted a variance.

Thereafter, Remedio D'Almeida, petitioner here, brought this petition for a review of that decision. While it does

not appear that petitioner testified at the hearing before the board of appeals, it is suggested in the record that he is the owner of a retail liquor outlet located about one-half mile from the tract in question and that he is the owner of residential property located some two miles distant therefrom.

In this court Sheldon argues, inter alia, that petitioner is not an aggrieved person within the contemplation of the statute providing for an appeal by way of certiorari in these cases, G. L. 1956, §45-24-20, in that he had failed to show that his property would be adversely affected by the decision granting the variance. Because of the view we take of this contention, it will be unnecessary to consider further other contentions raised by the parties.

What constitutes aggrievement within the contemplation of §45-24-20 providing for appeals from decisions of zoning boards of review to this court is well settled in this state. The statute, in pertinent part, reads: "Any person or persons, jointly or severally aggrieved by any decision of the board of review, or any officer, department, board or bureau of the municipality, may present to the supreme court a petition, duly verified, setting forth that such decision is illegal in whole or in part and specifying the grounds of the illegality." A property owner is aggrieved within the purview of this statute when the property of which he is the owner is devoted to a use that would be naturally affected adversely by a decision granting an exception or a variance applicable to the land of another. *Flynn* v. *Zoning Board of Review*, 77 R. I. 118, 73 A.2d 808; *Bastedo* v. *Board of Review*, 89 R. I. 420, 153 A.2d 531. In *Bastedo*, wherein the rule stated in *Flynn* was reiterated, it is interesting to note that this court there held that when there is proximity between the petitioner's land and that which was subject to the zoning change, aggrievement is established.

320

In the instant case nothing is shown either by way of evidence introduced at the hearing or by the allegations of the petition filed under §45-24-20 that any property owned by petitioner would in any manner be adversely affected by the grant of the variance sought by Sheldon. While the statute does not mandate in express terms that the petitioner set out in his petition jurisdictional facts, it does, in our opinion, clearly imply that if facts establishing aggrievement do not appear in the record, the petitioner set such facts out in the petition. While in this state we have not expressly decided that, absent a showing of aggrievement in the record, the petitioner must allege such facts in the petition, such appears to be the rule in New York. See *Hattem* v. *Silver,* 190 N.Y.S.2d 752.

We have held that where one seeks to establish aggrievement under the statutes providing for appeals from probate courts to the superior court, one seeking to prosecute such appeals must state expressly the facts establishing aggrievement in the reasons of appeal where the record does not disclose the existence thereof. *Spooner* v. *Tucker,* 86 R. I. 266, 134 A.2d 403. The rule as stated in those cases is sound and has much to recommend its extension to petitioners seeking to appeal decisions of zoning boards of review. In the interest of orderly procedure in pleading we so hold.

In the instant case nothing in the record discloses that at the hearing before the board of appeals any facts showing aggrievement on the part of petitioner were disclosed In the allegations of his petition seeking issuance of a writ of certiorari to this court, he alleges only that he is a landowner in and taxpayer of the city of Pawtucket. As we have stated, nothing in the record discloses that the grant of the variance caused any special injury or otherwise adversely affected any property of his. It being then our view that when the record does not set forth facts

establishing aggrievement and such facts are not alleged in the petition, other than to allege ownership of land within the municipality, the petition contains insufficient allegations to establish aggrievement.

In *Blumberg* v. *Hill,* 119 N.Y.S.2d 855, the court was considering a statute providing for appeals from the decisions of zoning boards of review which is almost identical with the provisions of §45-24-20. There the court said at 857: "One who is merely in the class of a resident-owner of zoned property in and a taxpayer of the municipality and whose only interest is to have a strict enforcement of zoning regulations for the benefit of the general welfare of the community or general enhancement of property values, is not an aggrieved person who may review a decision of the Board of Appeals claimed to unduly extend the effect of the ordinance. The status of the petitioners, without the existence of special injury or damage to their personal or property rights, would give them no standing to proceed for the enforcement of the provisions of the ordinance with respect to the property in question." In the circumstances it is our opinion then that the petitioner is without standing to prosecute his appeal in this case, not having established either in the record or in the pleadings that he was aggrieved within the meaning of §45-24-20.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decision of the respondent board is affirmed, and the record in the case certified to this court is ordered sent back to the respondent board with our decision endorsed thereon.

*Joseph A. Capineri,* for petitioner.

*Victor J. Beretta,* City Solicitor, *Feiner and Winsten, Harold H. Winsten,* appearing for Sheldon Realty Company, for respondents.