252 A.2d 350.

JOSEPH DiIORIO *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.

APRIL 14, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. · This petition for certiorari was brought to review a decision of the zoning board of review of the

city of East Providence wherein permission was granted an applicant to add a second story to an existing office building located on Waterman Avenue in that city. The building is located on land zoned for commercial use, and it appears that the building, altered as proposed, would be a permitted use within that district. The applicant sought relief also from the provisions of sec. 32-14 (d) of the zoning ordinance, which regulates off-street parking; sec. 32-15 thereof, which regulates off-street loading; and sec. 32-11 thereof, which provides limitations on front and rear yards. The application to add a second story to the building was granted by the board without requiring full compliance with the regulations relating to side yard requirements, off-street parking, and off-street loading. The writ issued, and the pertinent records in the case have been certified by the respondent board to this court.

It appears that the Waterman Agency, Inc. is the owner of a tract of land occupying lots 181, 182, 186, and 187 on assessor's plat 5, which are located on said Waterman Avenue between Charles and Swan Streets. The building to be enlarged is located on lot 186 and fronts on Waterman Avenue. It appears from the record certified to this court that on May 20, 1968, the board conducted a hearing at which the instant application was considered. The record discloses that a motion was made and seconded that a variance be granted, with certain stipulations, in response to this application. The stipulations, in effect, required: "That parking spaces be marked off," that a fence be erected from Charles Street to Swan Street, and particularly, that a stairway to be constructed on the easterly side of the building be enclosed, "leaving a side yard of three feet four inches (3' 4")." The record thereafter indicates only that it was "So voted — unanimously."

We will consider first the contention of respondent that petitioners are without standing to prosecute the appeal

here, having failed to establish that they were aggrieved by the decision of the respondent board. The statute, G. L. 1956, §45-24-20, requires, in pertinent part, that: "Any person or persons, jointly or severally aggrieved by any decision of the board of review, or any officer, department, board or bureau of the municipality, may present to the supreme court a petition, duly verified, setting forth that such decision is illegal in whole or in part and specifying the grounds of the illegality." We have held that one is aggrieved within the contemplation of this statute when he is the owner of property the use of which would naturally be affected adversely by a decision granting an exception or variance. *Flynn* v. *Zoning Board of Review,* 77 R. I. 118, 73 A.2d 808.

The respondent urges that petitioners have nowhere established their status as persons aggrieved by the decision of the board. In *D'Almeida* v. *Sheldon Realty Co.,* 105 R. I. 317, 252 A.2d 23, we held that, the record not disclosing the aggrievement of the petitioner, he must in the petition for certiorari set out sufficient facts to establish such aggrievement. Here there is in the record no evidence as to the relative location of the properties of petitioners and the applicant. However, in the petition, petitioners have set out that they are the owners of two lots with a dwelling house located thereon on the same plat that the property of the applicant is located, identified as 36 Raymond Street. A plat plan contained in the record indicates that Raymond Street debouches into Waterman Avenue at a point almost opposite the property for which the instant relief is sought. The petitioners therein, after describing their property, alleged specifically that "* * * said real estate is in close proximity to certain real estate * * *" of the applicant.

It is clear to us that the allegations in the petition for the writ of certiorari are sufficient to meet the requirements

of the rule laid down in *D'Almeida* v. *Sheldon Realty Co.*, *supra*. The question is whether these uncontradicted allegations are sufficient under the rule laid down in *Flynn* and *Bastedo* v. *Board of Review*, 89 R. I. 420, 153 A.2d 531. In *Flynn* the remonstrant was the owner of real estate which the court described as being in the same *vicinity* as the land of the applicant which it was proposed to change from a residential to a commercial use. The court there held that the land being in the vicinity and in view of the use being changed from residential to commercial, the petitioner's property would reasonably be adversely affected by such change, and he was aggrieved. In *Bastedo* there was in the record some evidence that the property of the petitioner was "a short distance from" that of the applicant under consideration for a change from a residential use to use as a funeral home. We there held that the record showed *proximity* and that, therefore, the petitioner was aggrieved.

The words "proximity" and "vicinity" are synonymous. In a zoning context "proximity" and "vicinity" may be considered as denoting a closeness or nearness of the properties involved. The question then is whether in the instant case, the record being barren of any evidence concerning the proximate positions of the two properties, the allegations of the petition are sufficient to establish proximity and, therefore, aggrievement under *Flynn* and *Bastedo*. We are of the opinion that the allegations set forth in the petition establish such a nearness or closeness of the properties as warrants a finding that the change in the use of the applicant's property here would naturally adversely affect the property of petitioners. It is our conclusion, therefore, that the standing of petitioners as aggrieved persons has been established.

We turn then to the question of whether the action of the board in granting the relief sought constituted an abuse of its discretion. It is clear from the application that the

applicant was seeking a modification of ordinance provisions regulating a permitted use rather than a true variance. *Westminster Corp.* v. *Zoning Board of Review*, 103 R. I. 381, 238 A.2d 353. It was, therefore, the obligation of the applicant to establish by the introduction of competent evidence that to require full compliance with the terms of the ordinance in these respects would, so far as the applicant was concerned, constitute more than a mere inconvenience and adversely affect its full enjoyment of the permitted use.[1] It is, as we have so frequently said, the burden of an applicant seeking relief before a zoning board of review to prove the existence of the conditions precedent to a grant of relief. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116, 161 A.2d 198. The petitioners contend in this court that in the record certified to us by the respondent board there is no competent evidence supporting its action in granting the relief sought by the applicant. We are in full agreement with this argument.

An examination of the record here discloses that it is completely devoid of any evidence suggesting the reasons or the grounds upon which the board acted in granting the relief. The record certified to us discloses only that the application was presented to the board at a hearing; that the applicant was permitted to make a minor amendment thereto; and that his motion to grant the relief was adopted by unanimous vote subject to some minor conditions as

---

[1] The record discloses that the board purported to permit the use of lots 181, 182, and 187 for off-street parking pursuant to the provisions of sec. 32-14 (d) of the ordinance. These lots are all zoned for R-4 residence uses. That section provides for off-street parking on land which adjoins a commercial use but specifically prohibits such use of adjoining land when it is zoned for residential purposes. The ordinance, in pertinent part, reads: "Notwithstanding any other provisions of this chapter, off-street parking for commercial or industrial uses as required in this section shall not be permitted in any residential or open space zone." It is clear then that under the provisions of the ordinance the board was without authority to permit the use of lots 181, 182, and 187 for off-street parking.

to the use of the parking lot and the enclosure of a staircase. Nowhere are we informed as to the reasons upon which the board acted either in the form of evidence adduced at the hearing or in evidence resulting from an exercise of the expertise of the board with respect to its presumed knowledge as to matters relating to the proper administration of the ordinance.

In *Davis* v. *Zoning Board of Review,* 93 R. I. 484, 487, 176 A.2d 735, 738, we said: "This court has repeatedly said that where a record contains nothing which reveals the grounds upon which the decision of a board is based, it will not engage in speculation concerning such grounds." What we said then we repeat now. It is the obligation of a zoning board of review, when acting upon an application for relief within its authority, to inform this court by way of the record certified to us of the nature and character of the evidence upon which it decided the issue, or if such action resulted from its own inspection of or knowledge concerning the circumstances and conditions, that it disclose to us in that record what it observed and what it knew that caused it to take the action it did. See *Kelly* v. *Zoning Board of Review,* 94 R. I. 298, 180 A.2d 319.

The board has been derelict in the instant case. We can no longer countenance these failures. We reiterate that where the record certified to this court fails to disclose in some reasonable manner the reasons or grounds upon which the board acted, we will not speculate thereon.

The petition for certiorari is granted, the decision of the board is quashed without prejudice to the right of the applicant to renew its application if it so elects, and the records certified to this court are ordered returned to the board with our decision endorsed thereon.

*Philip R. DeSano,* for petitioners.

*Stephen R. Walsh,* City Solicitor, for respondent. *William F. Fidalgo,* for Waterman Agency, Inc.