[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from the Town of Johnston Zoning Board of Review. The plaintiff here seeks reversal of the zoning board's November 28, 1989 decision granting the applicant's petition for a special exception. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20.
Kenneth M. and Jeannine Lantini (hereinafter "Lantini") applied to the Town of Johnston Zoning Board of Review (hereinafter the "Board") for an exception or variance to extend their existing building on an adjacent lot eight (8) feet onto their other lot. The property concerned is designated as Lot 331 on Assessor's Plat 34 on Lyman Avenue in Johnston. The land is zoned R-15 for residential single family houses under the zoning ordinance of Johnston. The Lantinis own an electrical supply business on Lots 332 and 333 on Assessor's Plat 34, which are zoned B-1 for business and are adjacent to Lot 331. The Lantinis have been before the Board and the Town Council at least once each but the record is not clear as to the nature of those hearings.
A public hearing was held on October 26, 1989. At the hearing, Leonard J. Nyberg, a real estate appraiser and broker, testified as an expert for the Lantinis. Mr. Nyberg testified that Lot 331 was a fenced lot used for parking (Tr. 3) and that it was an integral part of the Lantini's business (Tr. 5). He further testified that it would not be practical or economically feasible to build a single family home on Lot 331 and, that prior to 1979, Lot 331 was zoned commercial (Tr. 5). Mr. Nyberg stated there would be no adverse affect on surrounding properties (Tr. 7). Additionally, Mr. Lantini testified that Lot 331 had always been used for his business and storage containers had been on the lot for about five years (Tr. 11). He further testified that the proposed addition to the building would extend only eight (8) feet onto Lot 331, and this would also ease the problems with the trailer trucks (Tr. 8-9). In opposition to the Lantini's application, Mr. Piccirilli and several neighbors voiced their concerns about the traffic problems and the damage the trailer trucks have already caused (downed power lines, cracked driveways, and gas leaks).
On November 28, 2989, the Board granted the Lantinis a special exception. It is from this decision that the plaintiff has properly appealed to this Court.
The Superior Court review of a zoning board decision is controlled by Rhode Island General Laws 1956 (1988 Reenactment) §45-24-20(d), which provides in pertinent part:
 45-24-20. Appeals to Superior Court.
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
A review of zoning board decision by the Superior Court is limited. Thus this court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v.Genovesi, 388 A.2d 821, 825 (R.I. 1978). Substantial evidence is further defined as ". . . more than a scintilla but less than a preponderance . . ." and must be such that ". . . a reasonable mind might accept as adequate to support a conclusion." Id. at 824-5. This Court will neither substitute its opinion for that of the Board nor speculate upon the grounds and reasons for the Board's decision. Therefore, when the Board fails (1) to give reasons and the grounds upon which its decision is predicated and (2) to point out the evidence upon which the ultimate finds of fact are based, the case will be returned to the Board for classification. Bellevue Shopping Center Associates v. Chase, etal., 556 A.2d 45 (R.I. 1989); DiIorio v. Zoning Board ofReview, 105 R.I. 357, 252 A.2d 350 (1969); Hoff v. Board ofReview, 102 R.I. 275, 230 A.2d 420 (1967).
In this case, the decision by the Board describes the size and location of the property in question as well as the proposed addition. The Board considered the application under Article III, § 4(c) (the predecessor to § 26-14(c) of the Johnston Code) and RIGL § 45-24-19. The finds of fact by the Board consisted of motions made by various Board members and information as to where the minutes of meeting are filed. The Board then concludes by offering a verbatim recitation of the statutory requirements of Code of Town of Johnston (hereinafter "Johnston Code") § 24-14-(b). The Rhode Island Supreme Court has repeatedly held that a board's decision must be based upon more than a superficial listing of quantitative facts and a rote recitation of statutory conclusions of law. The Board must give the reasons and the grounds upon which it decision is predicated and identify the evidence upon which the ultimate findings of fact are based. In the instant case, this must be done for each standard required by Johnston Code § 24-14(b).
The plaintiff argues that the Board's decision to grant a special exception should be reversed because the Board lacks the authority to override the R-15 prohibition of commercial use on Lot 331. Although zoning boards in general may not "rezone" through the use of variances, the Johnston Code provides an alternative means for a non-permitted use through use of a special exception. The Johnston Code § 26-27(c) provides:
 Where a district boundary line divides a lot which was in single ownership at the time of passage of this chapter, the board of review may permit, as a special exception, the extension of the regulations for either portion of the lot not to exceed thirty feet beyond the district line into the remainder of the lot.
This provision empowers the Board to grant a special exception that would allow up to thirty feet of Lot 331 to be used commercially.
The single ownership of Lot 331 by the Lantinis prior to the 1979 rezoning would allow them to bring their application under § 26-27(c) as a matter of right. The owners prior to the Lantinis owned the business and commercial property (now known as Lots 331, 332 and 333) in conjunction with the business. The Lantinis purchased the business and the property approximately eighteen years ago and have used all property in conjunction with their business. Both the business and the property have been under single ownership for forty years commencing well before the 1979 rezoning of Lot 331. In 1979, the Town of Johnston invoked a district line that separated the Lantinis' commercial property and rezoned a portion of it, Lot 331, as R-15 residential. Since the Lantinis owned all of the property prior to the implementation of the new district line and rezoning of 1979, § 26-27(c) would be applied as a matter of right to the application.
If the Board is in fact granting the special exception under § 26-27(c), the Lantinis would be left with a strip of land on Lot 331 that would measure 20 feet by 100 feet. This is clearly below the 15,000 square foot building requirement mandated byJohnston Code, article X Zoning District Dimensional Regulations. The Johnston Code enumerates the powers and duties of the Board in hearing and deciding special exceptions. The Board, in granting a special exception, may "prescribe such conditions and safeguards as setbacks, screening, fencing and other requirements as it may deem necessary to prevent nuisance and to promote harmony with the use of nearby property."Johnston Code § 26-14(b). It is under this power that the Board may require the use of fencing and may designate a portion of the 20 ft. by 100 ft. section as a buffer zone between the commercial use on Lot 331 and the residential use of Lot 330.
The plaintiff's second issue regarding lack of findings to show an unnecessary hardship does not need to be addressed in detail since this Court has determined that granting a special exception by the Board may be proper if done under § 26-27(c). It is based on this determination that a showing of unnecessary hardship by the applicant is not necessary since the Board is not granting a variance.
Accordingly, this Court quashes the decision of the Board rendered on November 28, 1989 and remands the case to the Board with instructions to give the reasons and grounds upon which it based its decision and to point out the evidence upon which the ultimate findings of fact were based.