[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Cranston Zoning Board of Review ("the Board"), seeking reversal of the Board's decision, dated March 1, 1990, denying a transfer of plaintiff's real estate broker's license to his residence. Jurisdiction exists in this Court pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20.
Ronald J. Leddy ("Plaintiff"), a licensed real estate broker in the State of Rhode Island, desired to have his broker's license transferred from another location to his home. He lives at 759 Pontiac Avenue, more specifically Lot 1990 on Assessor's Plat 9/1 in Cranston, Rhode Island. This property is zoned A-6 for single family dwellings.
On October 5, 1989 the plaintiff sought from Alexander Peligian, the inspector of buildings for the City of Cranston, a letter indicating that the property as zoned permits the location of plaintiff's brokerage license there. This letter of compliance is required by the Rhode Island Department of Business Regulation. In his letter of October 23, 1989, Peligian denied plaintiff's request for such letter of compliance based on his interpretation of Cranston Zoning Ordinance §§ 30-3 and 30-36 that the type of business plaintiff wishes to operate on his property is not permitted by those sections of the zoning laws.
On November 21, 1989 plaintiff, pursuant to Rhode IslandGeneral Laws 1956 (1988 Reenactment) §§ 45-24-16 and45-24-19(a)(1), appealed the inspector's decision to the Board. At its February 28, 1990 hearing, the Board upheld the building inspector's decision. Plaintiff then filed the instant appeal.
The Superior Court review of a zoning board decision is controlled by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on question of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
A review of zoning board decision by the Superior Court is statutorily limited. This court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v.Genovesi, 388 A.2d 821, 825 (R.I. 1978). Substantial evidence is further defined as ". . . more than a scintilla but less than a preponderance . . ." and must be such that ". . . a reasonable mind might accept as adequate to support a conclusion." Id. at 824-5. This Court will neither substitute its opinion for that of the Board nor speculate upon the grounds and reasons for the Board's decision. Therefore, when the Board fails (1) to give reasons and the grounds upon which its decision is predicated and (2) to point out the evidence upon which the ultimate finds of fact are based, the case will be returned to the Board for clarification. Bellevue Shopping Center Associates v. Chase, etal., 556 A.2d 45 (R.I. 1989); DiIorio v. Zoning Board ofReview, 105 R.I. 357, 252 A.2d 350 (1969); Hopf v. Board ofReview, 102 R.I. 275, 230 A.2d 420 (1967).
In the case at bar, the plaintiff is seeking a reversal of the Board's decision on any one or a combination of the following grounds: (1) the Board's decision was arbitrary and clearly erroneous, (2) real estate brokers are members of a recognized profession and are thus included in the meaning of Code § 30-36, (3) the Board applied the wrong standard; (4) the Board failed to make findings of facts and conclusions of law in support of its decision and (5) the Board's chairman abused his discretion in not allowing the admission of certain evidence. It is the opinion of this Court, after review of the entire record, that this case should be remanded to the Board for more specific findings of fact, for the following reasons.
Upon review of the entire record, it is incumbent upon this Court to determine what the Board's findings of facts were and whether they are supported by substantial evidence. Apostolou,388 A.2d 821. The plaintiff brought this case before the Board on an appeal from a decision by the inspector of buildings pursuant to the Code of the City of Cranston ("Cranston Code") § 30-49(1). It is clear from the record that the only issue before the Board, on the appeal, was "whether or not Mr. Leddy fits into the category of a profession which would allow him without coming before the Board to simply have his office in his home." (Tr. at 25). The plaintiff did not come before the Board seeking a variance to have his license transferred to his home, although it was acknowledged that he has that option. (Tr. at 31).
The record this Court has before it does not present any evidence or findings of fact that address the issue presented to the Board on initial appeal. The Board not only failed to make adequate findings of fact in its decision but issued findings based on the denial of a variance, an issue not before it at the time. Specifically, the Board used unsubstantiated "standard" language in its denial stating that the granting of the appeal would substantially injure neighboring property, would not be in harmony with the neighborhood, and that there was no evidence of undue hardship nor did the applicant prove he would be denied all beneficial use of the property. These findings clearly apply to the standard for an application for a variance and do not address the issue presented to the Board.
As a result of the Board's failure to make the requisite findings of fact, this case must be remanded to permit the Board to comply with the statutory requirement to make those findings upon which its decision should be based. The Rhode Island Supreme Court, in addressing this situation, has cautioned:
 "We have repeatedly held that zoning boards should make express findings of fact and should pinpoint the specific evidence upon which they base such findings. Additionally they should disclose the reasons upon which they based their ultimate decision because the parties in this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt, and unnecessary delay. Bastedo v. Board of Review, 89 R.I. 4200; Coffin v. Zoning Board of Review, 81 R.I. 275; Winters v. Zoning Board of Review, 80 R.I. 275; Petrarca v. Zoning Board of Review, 78 R.I. 130. In these cases the court cautioned that unless zoning boards comply with the above-mentioned directions they run the risk of reversal if this court is unable to find from the record that there were good and sufficient grounds for their decisions.
Hopf, 102 R.I. at 288.
In an effort to assist the Board in performing its functions, this Court will instruct it as to the proper findings that would be deemed sufficient. The inspector of buildings made a determination that real estate brokers are not "professionals" as the term is used and defined in the Cranston Code. Since this is an appeal from a decision by the Cranston inspector of buildings, the Board should review and determine whether the inspector's decision was correct and state its reasons in support thereof. Should the Board find this decision to be correct, it should state that it is and then give specific findings of fact in support of its decision. For example, the Board should make a threshold determination as to whether the inspector of buildings has the power to enforce and interpret the Cranston Zoning Laws under Cranston Code § 30-47. Next, if the Board finds that he does possess that power, it should determine whether the inspector's decision was a proper exercise of that power. If the inspector does not have that power or if the decision was not a proper exercise within that power, then the Board may make its own independent determination as to whether the plaintiff is a professional who is encompassed by Cranston Code §§ 30-3 and 30-36.
Above all it is important that the Board include the evidence adduced at the hearing that supports its fact finding and decision. This will not only inform the parties of the grounds of the decision, but make the case suitable for review by this Court.
After review of the entire record, this matter is hereby remanded to the Board for action not inconsistent with this decision.
An Order should be submitted for entry within two weeks.