DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of Charlestown (Board). William F. Bell and Sandi Blaze (plaintiffs) seek reversal of the Board's decision of December 9, 1994. In its decision, the Board denied the plaintiffs' application for division of land and for a dimensional variance for the construction of a single-family dwelling. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
Facts/Travel
The plaintiffs own real property located on Biscuit City Road in Charlestown, Rhode Island, specifically referred to as Lot 88 on Assessor's Plat 29. The lot measures 890 feet by 688.79 feet deep, for a total area of 7.34 acres. (Record at 2.) The lot overlaps two zoning classifications. From Biscuit City Road back 250 feet is zoned R80 and the remaining portion of the lot is zoned R3A (Record at 2).
The plaintiffs submitted five alternatives for subdivision of Lot 88 into two lots to the Charlestown Planning Department. (Plaintiffs' Exhibit 2.) The Charlestown Planning Department, subject to the action of the Charlestown Zoning Board of Review, granted preliminary approval to subdivision alternative #5. (Record at 5.) Subdivision alternative #5 required a deviational variance for the frontage on both lots. (Record at 2-3.)
The plaintiffs submitted an application to the Board in October 1994 requesting a deviational variance from the frontage requirements of whichever zone (R80 or R3A) the Board found applied, as specified in Article V, Section 218-28 of the Charlestown Zoning Code. See Plaintiffs' Deviation Application, Zoning Board of Review, Town of Charlestown, dated October 25, 1994. The plaintiffs planned to construct a single-family house on the new lot created by the subdivision. Id.
On December 8, 1994 at a properly advertised, scheduled hearing on said application, the Board heard testimony and received evidence. The Board heard testimony about the need for the variance and the type of house that would be constructed. Raymond W. Schwab, an engineer, testified that other subdivision alternatives which required a cul-de-sac and paved road would entail a cost of between $20,000-$25,000 for the cul-de-sac. (Record at 12.) William F. Bell, one of the applicants, testified that he wanted to build a larger house for his family on the newly created lot. (Record at 24-25.) He did not want to incur the expense of constructing a paved road and cul-de-sac. (Record at 27.)
David Vitello, a natural resource scientist, testified that the gravel road specified in subdivision alternative #5 would be more beneficial to the environment than a paved cul-de-sac. (Record at 30-31.) No persons testified in opposition to the plaintiffs' application. The Board found that zone R80 (requiring 200 feet of frontage) applied to the plaintiffs' subdivision proposal. (Record at 21-22, 41.)
Following the hearing, the Board voted three to two (3-2) to approve the plaintiffs' application. (Record at 40-42.) The Board in effect denied plaintiffs' application, because the plaintiffs required a vote of 5-0 or 4-1 for success. Charlestown Zoning Code, Art. IV, § 218-21(E). The Board's written decision dated December 9, 1994 stated that the two Board members who voted to deny the application "felt that the testimony demonstrated that there are other reasonable uses of the property . . . [and] that the applicant has not shown more than a mere inconvenience. . . ." Decision of the Charlestown Zoning Board of Review on Application #533, dated December 9, 1994.
The plaintiffs filed a timely appeal to this Court. The plaintiffs argue that (1) the Board did not correctly apply the standard of G.L. 1956 (1991 Reenactment) § 45-24-41(D)(2) in finding that a denial of plaintiffs' application would not result in more than an inconvenience to the plaintiffs; (2) the Board did not make factual findings on the plaintiffs' other reasonable uses of the property; (3) and the decision of the Board was arbitrary and capricious because the Board was committed to a course of action and in effect did not seriously consider the plaintiffs' application.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
Reasonable Alternative
The plaintiffs assert that the Board's denial of their variance application violated § 45-24-41(D)(2), because the denial of the plaintiffs' variance application will result in more than a mere inconvenience to the plaintiffs. The plaintiffs state that there are no other reasonable alternatives to the deviation application which they submitted.
Section 45-24-41(D)(2) specifies that:
 "[t]he zoning board of review shall, in addition to the above standards, require that evidence be entered into the record of the proceedings showing that . . . in granting a dimensional variance, that the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief."
In addition, the plaintiffs' hardship from which they seek relief cannot be due "to a physical or economic disability of the [plaintiffs]." § 45-24-41(c)(1). Economic impracticality does not constitute more than a mere inconvenience. Apostolou, at 120 R.I. 510 [120 R.I. 501], 388 A.2d 825-826 (1978). The need for a larger home to accommodate an increase in family size also does not constitute more than a mere inconvenience. DiDonato v. Zoning Board ofReview of Town of Johnston, 104 R.I. 158, 165, 242 A.2d 416, 420 (1968). The burdens in maintenance of property are not valid reasons permitting a deviation from dimensional zoning regulations. Rozes v. Smith, 120 R.I. 515, 522, 388 A.2d 816, 820 (1978). However, where dimensional zoning regulations prevent the construction of a single-family dwelling unit, denial of a deviational variance would have an "adverse impact upon [the applicant] amounting to more than inconvenience to require him to use the lot for agricultural purposes or not to make use of the land at all." Felicio v. Fleury, 557 A.2d 480, 482-483 (R.I. 1989).
In the case at bar, the plaintiffs have a reasonable alternative to the application they submitted to the Board. The record reveals that instead of subdividing the land according to proposal #5, the plaintiffs can subdivide their land and build a single-family dwelling on Lot 2 which would not require dimensional relief. By installing a paved road and cul-de-sac, the plaintiffs would not need permission to depart from the terms of the ordinance. See Plaintiff's Memorandum Appendix A-2.
Section 45-24-41(D)(2) provides that: "the hardship . . . if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy . . . one's property." In its decision, the Board stated that "there are other reasonable uses of the property . . . [and] the applicant has not shown more than a mere inconvenience. . . ." Decision of the Charlestown Zoning Board of Review on Application #533, December 9, 1994. The record clearly indicates that there existed other reasonable alternatives for the plaintiffs' proposed project, such as installation of a cul-de-sac, expansion of the size of the existing house, and/or moving the existing house farther away from Biscuit City Road. (Record at 39-40).
The plaintiffs have the burden of proving that denial of their application for a dimensional variance would entail more than a mere inconvenience. The plaintiffs' contended that the high economic expense in installing a cul-de-sac constitutes more than a mere inconvenience. Additionally, the plaintiffs stated that the detriment to the environment, maintenance of the town road, and adherence to planning's recommendation were other factors which made the Board's denial more than a mere inconvenience. It is well settled that high economic expense does not constitute more than a mere inconvenience. Apostolou, at12 R.I. 510, 388 A.2d 825-826 (1978). "[T]he hardship from which the applicant seeks relief [must be] due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and . . . not due to a physical or economic disability of the applicant." §45-24-41(c)(1).
The record reveals that the Board had before it probative evidence that the plaintiffs would not suffer more than a mere inconvenience upon denial of the requested relief. The record evidences that the plaintiffs possessed a reasonable alternative subdivision plan in which a paved road and cul-de-sac will satisfy all frontage requirements.
Factual Findings
The plaintiffs further argue that the Board did not make factual findings on the reasonable alternatives for the plaintiffs. Zoning Boards must "give the reasons and the ground or grounds upon which [a decision] is predicated and . . . point out the evidence on which the ultimate finding or findings are based. . . ." Hopf v. Board of Review of City of Newport,102 R.I. 275, 288-289, 230 A.2d 420, 428 (1967). In several cases, the court has "searched the record itself to determine whether there was evidence therein to support the board's decision. [I]n each of those cases . . . the evidence was undisputed and the facts uncontradicted." Id. A review of the record can establish an evidentiary basis for the Board's decision. Bastedo v. Boardof Review of City of Newport, 89 R.I. 420, 425-426, 153 A.2d 531
(1959).
In the instant case, the Board accepted and incorporated the plaintiffs' recitation of the undisputed facts by reference. Defendant's memorandum, p. 1. Under Hopf and Bastedo, where the facts are undisputed, the court may search the record for evidence to support the Board's decision.
A review of the record indicates that there was ample evidence to support the Board's decision that "testimony demonstrated that there are other reasonable uses of the property . . . [and] that the applicant has not shown more than a mere inconvenience. . . ." Decision of the Charlestown Zoning Board of Review on Application #533, December 9, 1994. Raymond W. Schwab (Schwab), an engineer, testified that subdivision alternate #2, which involved a paved cul-de-sac, would meet all frontage requirements for the R80 zone. (Record at 10-11.) Schwab stated that the cul-de-sac could be completed at a cost of between $20,000 and $25,000. (Record at 12.) William F. Bell (Bell), one of the owners of the property, stated that he did not want to enlarge the present dwelling because "[i]t would ruin the character of the home." (Record at 25.) Board member William H. Wilcox (Wilcox) cited both these alternatives shortly before he voted to deny plaintiffs' application. (Record at 39-40).
Arbitrary and Capricious
Finally, the plaintiffs argue that the Board refused to consider seriously its application because the Board was committed to not granting any more nonconforming lots. Wilcox stated that he would like "to avoid forming any more non-conforming lots." Therefore, the plaintiffs argue that the Board's decision is arbitrary and capricious.
The Board correctly understood the standard set forth in § 45-24-41 and provided rational reasons for their individual votes. Wilcox's above statement does not prove the plaintiffs' contention that the Board did not seriously consider their application. Wilcox demonstrated that he had not made up his mind on the plaintiffs' proposal when he later said, "It's a very difficult decision, I grant you that, but I can see reasons for and I can see several reasons why not." (Record at 38.) There is substantial evidence of record that Wilcox's questions to the plaintiffs' attorney and his examination of the alternatives to the plaintiffs' proposal indicate a serious consideration of the plaintiffs' application.
After review of the entire record, the Court finds that the Board's decision was not in violation of constitutional or statutory provisions, was not in excess of the Board's statutory authority, was made upon lawful procedure, and was not clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. The Board's actions were not arbitrary or capricious or characterized by an abuse of discretion and not affected by other error of law. Substantial rights of the plaintiff have not been prejudiced. Accordingly the plaintiffs' appeal is denied, and the decision of the Board is hereby affirmed.
Counsel shall prepare the appropriate judgment for entry.