[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of Foster (Board). Robert and Hilda Crispi (Plaintiffs) seek reversal of a decision by the Board, granting Joseph Charette's request for a dimensional variance. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
On February 2, 2001, Joseph Charette and Brian Monfils Builders, Inc. (collectively Defendants) entered into a purchase and sale agreement for the sale of certain real estate owned by Charette located on Kennedy Road, Pole 8, Plat 4, Lot 15 in the Town of Foster, Rhode Island The property is a substandard lot of record on which an abandoned slaughterhouse exists. Monfils Builders wishes to tear down the slaughterhouse in order to build a three bedroom, single-family home on the lot. As property owner, Mr. Charette, on behalf of Monfils Builders, applied to the Board for a dimensional variance to install a septic system for the proposed singlefamily residence. Foster's Zoning Ordinance requires that a
 "shallow surface leaching field following a septic tank shall be located at least one hundred feet (100') from a dug well or from a drilled well. No portion of the leaching field shall be closer that one hundred feet (100') to the property line except where the property borders a public road in which case the distance to the road line may be reduced to sixty feet (60')." Town of Foster Zoning Ordinance,
Article VII, Section 1, Paragraph A.
Defendants' proposed septic system is located 100' from a well, but only 25' from the road and 16' from the side property line, which borders the Plaintiffs' property.
On May 9, 2001, the application was withdrawn in order to re-file the application with a revised plat plan. Defendants submitted a revised plat plan to the Department of Environmental Management (DEM), which approved the ISDS application on June 11, 2001. Defendants' new application for a dimensional variance was heard on June 13, 2001. At this hearing, Robert Schultz, Defendants' engineer, presented two drawings to the Board: the original plat plan and the revised survey of the lot in question. The new survey shows the proposed septic system to still be 25' from the road and 16' from the Plaintiffs' property line. Plaintiffs argued at the hearing that the two test holes were dug on their property, although the Board noted that the survey clearly shows Test Hole 1 located on Mr. Charette's property, and only one test hole is needed for DEM approval. Mr. Crispi stated that his surveyor, Norbert Therrien, told him that both test holes were on his property, but he did not have any other evidence, such as a survey, to document same. Mr. Schultz testified that the septic system is located on the best soil on the property for that use and that it could not be moved without the well being moved further into the wetlands.
The Board voted to grant Charette's application for a variance. In making its decision, the Board considered the evidence presented by Defendants — documentation approved by DEM, a signed class one survey, and ISDS approval — as well as the fact that Plaitniffs presented no documentation to support their opposition. The Board concluded that due to the wetlands and condition of the land, the septic system was in the best location possible.
Following the Board's decision, the Plaintiffs filed an appeal with the DEM Administrative Adjudication Division and also filed an appeal of the Board's decision with the Superior Court. DEM's hearing officer dismissed the Plaintiffs' appeal finding that DEM did not have jurisdiction to hear the appeal. Plaintiffs appealed that decision to the Superior Court, which was consolidated with the instant matter. On December 10, 2002, this Court, McGuirl, J., granted DEM's and Monfils Builders' Motion to Dismiss Plaintiffs' appeal of the DEM decision. On February 19, 2003, this Superior Court, Fortunato, J., remanded the matter to the Board for further consideration in light of the fact that Mr. Schultz had been issued a notice of violation by DEM and his license had been suspended.
The Board reconsidered the matter at a hearing on May 14, 2003. The Board noted that Mr. Schultz's suspension was due to the inaccuracies made in the first plat plan, on which the Board did not rely in making its decision. Plaintiffs argued that the Board did not have information concerning approximately 22% of the land However, the Board had considered this in the first hearing and decided that that area was wetland based on the testimony of Robert Fallon, the Zoning Official, and the personal observations of the Board members. The Board decided that the new evidence of Mr. Schultz's suspension would not have changed their original decision and, therefore, reaffirmed its decision to grant the dimensional variance. The matter is now before this Court for decision on the merits of Plaintiffs' appeal.
 STANDARD OF REVIEW
This Court has jurisdiction of this appeal pursuant to § 45-24-69. That statute outlines the standard of review applicable to this appeal, as follows:
 [t]he court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This Court's review is circumscribed by and deferential to the administrative agency. Restivo v. Lynch, 707 A.2d 663, 667 (R.I. 1998). It cannot substitute its judgment for that of the zoning board, but must uphold a decision supported by substantial evidence contained in the record. Hein v. Town of Foster Zoning Bd. of Rev., 632 A.2d 643, 646 (R.I. 1993). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. of Rev. of North Kingstown,818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswell v. George ShermanSand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)). Thus, the Court must examine the record to determine whether competent evidence exists to support the Zoning Board's decision. New England NaturistAssoc., Inc. v. George, 648 A.2d 370, 371 (R.I. 1994).
 THE REQUEST FOR DIMENSIONAL RELIEF
The Rhode Island Zoning Enabling Act provides that the applicant seeking relief from zoning restrictions bears the burdens of production and persuasion as to why such relief is warranted. DiIorio v. Zoning Bd.of Review of East Providence, 105 R.I. 357, 362, 252 A.2d 350, 353 (1969); see also SNET Cellular, Inc. v. Angell, 99 F. Supp. 2d 190
(D.R.I. 2000) (under Rhode Island law, the petitioner bears the burden of demonstrating that a variance should be granted). Thus, when applying for dimensional variances, the applicant needs to demonstrate to the zoning board
 (c) (1) [t]hat the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant. . . .
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary.
 . . .
 (d) (2) in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief. R.I. Gen. Laws § 45-24-41
(1956).
At the time of the Board's first hearing, the Supreme Court's interpretation of then-section 45-24-1 required the applicant for a dimensional variance to demonstrate that "no other reasonable alternative" exists for the enjoyment of a property's legally permitted use. Sciacca v. Caruso, 769 A.2d 578, 583 (R.I. 2001). However, on June 28, 2002, the State General Assembly repealed that portion of the Enabling Act and returned to the Viti standard pursuant to which the applicant need only demonstrate that the hardship amounts to "more than a mere inconvenience." Viti v. Zoning Bd. of Review of Providence,92 R.I. 59, 166 A.2d 211 (1960). Although the stricter standard was in place at the time of the Board's initial decision, "the statute in effect at the time an appeal is decided is the controlling law." Lischio,818 A.2d at 692.
 The Board's Decision
Plaintiffs initially argue that the Board erred in granting the dimensional variance because it did not consider alternative locations for the septic system so as to find that the relief was the least necessary. Plaintiffs contend that although the revised plat plan showed corrected boundary lines, it failed to provide any information concerning the condition of approximately 23% of the land Plaintiffs contend that the Board could not have determined if the variance was the least relief necessary due to the lack of information before it.
The record reflects that the Board did consider this area at both meetings. Board members made personal observations at the first meeting that they had visited the site and that the area in question was more wetland Restivio v. Lynch, 707 A.2d 663, 666 (R.I. 1998) (personal observations of board members constitutes legally competent evidence). Mr. Fallon, the Zoning Official, testified that he had walked the property the day before and that the proposed location of the septic system is a good plan for the property. Mr. Fallon also testified at the second hearing that the area in question is too wet to build on and that the proposed location is still the best spot. The Board further concluded that they had granted such variances in the past. Accordingly, the Board had before it evidence that granting said variance constituted the least relief necessary.
Plaintiffs additionally argue that Mr. Charette failed to meet his then-applicable burden for a variance — no reasonable alternative. However, the General Assembly has repealed that portion of the statute declaring that "more than a mere inconvenience means that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property." Lischio, 818 A.2d at 692. The record demonstrates that Mr. Charette presented sufficient evidence at the first hearing that denial of the variance would amount to more than a mere inconvenience. Mr. Schultz, engineer for Mr. Charette, testified that the septic system was placed such that the house could be centrally located and not require any additional variances. The septic system was also placed so as to provide as much of a buffer as they could for the Plaintiffs' property. Further, the septic system would be placed on the best soil possible and could not be moved without the well being moved further into the wetlands, indicating that there would actually be no reasonable alternative for placement of the septic system. Accordingly, the Board had before it sufficient evidence to grant the requested variance.
 CONCLUSION
After review of the entire record, this Court finds that the decision of the Board to grant Mr. Charette's application for a dimensional variance is supported by the reliable, probative, and substantial evidence contained in the record and is not in excess of the Board's statutory authority or in violation of the provisions of any statute or ordinance. Substantial rights of the appellant have not been prejudiced. Accordingly, the Board's decision is affirmed.