EAST PROVIDENCE MILLS, INC. *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST PROVIDENCE.

JUNE 19, 1931.

PRESENT: Stearns, C. J. Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is a petition for a writ of *certiorari* brought under the provisions of Chapter 57, General Laws, 1923, and Chapter 430, Public Laws, 1923, to secure a review of the decision of the respondent board denying a petition for a variance or exception to the zoning ordinance of East Providence.

The writ was issued and the respondent has made a return of a certified copy of its proceedings, including a transcript of the evidence presented at a public hearing of the parties interested.

For thirty years the mill of the East Providence Mills, Inc. has been located and operated on Lot No. 188 on the south side of Grosvenor avenue. This avenue, a short distance from the mill property, runs into Taunton avenue which is a main artery of travel from Washington Bridge to Massachusetts. The east wall of the mill is on the east line of lot No. 188 and the eaves of the mill overhang the line of lot No. 192. To provide for necessary drainage and a future extension of the mill building, the petitioners bought land east of the mill; in 1916, lot No. 192 and in 1923, lot No. 193, each lot having a frontage of 50 feet and a depth of 111 feet. Grove avenue is 280 feet south of and parallel with Grosvenor avenue. On Grove avenue in recent years dwelling houses have been built near the street line on lots which are 170

feet deep and which extend to.the southerly line of petition-ers' land. In 1926 during the absence from the United States of one of the petitioners, William C. Johnson who virtually owns the mill, the zoning ordinance of the town of East Providence was adopted. The land south of petition-ers' property and east of lot No. 188 was made a residence "A" district. Lot 188, several lots to the west and certain land on the north side of Grosvenor avenue were included in business district "C". The easterly line of district "C" was located on the east line of lot No. 188 and continued northerly to the middle of Grosvenor avenue, thence by a right angle turn for 50 feet to the east, thence in a straight line northerly for 100 feet on the other side of the avenue and thence continued in a northeasterly direction. Opposite the mill on the north side of Grosvenor avenue in this "C" district there is a public garage.

March 3, 1931, the mill corporation and Mr. Johnson, owners of the two lots east of the mill, being desirous of adding a one story brick extension 80 feet in length to the east side of the mill, filed a written application with the building in-spector of said town for a permit to erect the proposed ad-dition and submitted detailed plans thereof. The building inspector refused the application for the reason as endorsed thereon: "This application is refused on the above location for the reason that the location is in an "A" zone and peti-tioners are referred to the Zoning Board of Review for a hearing. A. M. Tiplady, Building Inspector." Petitioners appealed from said decision to the Zoning Board of Review which, after a public hearing, denied the appeal.

Petitioners claim that the inclusion of lots 192 and 193 in a residential "A" district was made without reasonable consideration of the character and location of said lots and that such zoning was in violation of their constitutional rights as it was unreasonable and deprived them of the beneficial use of their property. Petitioners in their appeal asked the board to exercise its discretionary power under Section 2, Chap. 430, Public Laws, 1923, and to authorize a

variance or exception so as to permit the erection of the proposed addition.

Although petitioners question the legality of the original zoning of the land, the first question is whether there was an abuse of discretion by the board in its refusal to authorize the proposed variance. At the hearing before the board, petitioners introduced the testimony of three real estate experts to the effect that petitioners have no other profitable use for lots 192 and 193 except in the proposed extension of the mill; that such lots are not suitable for profitable use under the permitted uses of class "A" and that the proposed extension would not work any substantial injury to the adjacent property but, on the contrary, would improve the existing conditions in this locality. If the extension is granted, the looms now in the second story of the mill building will be removed to the ground floor of the extended building and placed on more substantial foundations, and thus any noise or vibration from their operation will be materially reduced.

Some objectors to the granting of the petition testified that there was not much noise from the mill in winter but there was considerable in the summer when windows were open. The principal objection, however, seems to be because the employees of the mill have walked back and forth over the adjoining lots and have caused more or less annoyance by their presence at the mill windows.

By Section 2 of Chapter 430, P. L., 1923, the Board of Review is authorized to hear and decide appeals from any order or decision made by an administrative officer and petitions for special exceptions to the terms of zoning ordinances upon which such board is authorized to pass under such ordinances and "To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

In deciding whether there has been an abuse of discretion by the board in refusing to authorize a variance or special exception in this case, a consideration of the delimitation of zone "C", the building district, as it affects petitioners' property is important. To establish the easterly boundary of district "C" on the line of the easterly wall of the mill building and thereby to deprive petitioners of the natural use of lots Nos. 192 and 193, which are really an integral part of the mill property, so far as appears, was an unnecessary restriction on the existing use of that property. This fact alone, we think, is a sufficient and decisive reason for the allowance of the proposed exception.

The discretionary power given by the statute to the board to grant exceptions was manifestly intended to provide a necessary flexibility in the zoning ordinances in exceptional cases. Section 5, Chap. 57, G. L., 1923, provides that: "No ordinance enacted under the authority of this chapter shall prevent or be construed to prevent the continuance of the use of any building or improvement for any purpose to which such building or improvement is lawfully devoted at the time of the enactment of such ordinance." Some incidental loss to and curtailment of the unrestricted use of property by some of the owners of property in a zoned district is unavoidable. But the statute expressly provides that the zoning regulations shall be made with reasonable consideration of the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality. This is not an application by the owner of land in a residential district to secure an exception whereby he may introduce a new business use into a restricted zone. The establishment of the zoning boundary at this place has imposed an unnecessary burden on the property of the petitioners and any benefit to the owners of land nearby is created at the expense of the petitioners.

Because of unusual and special conditions, a literal enforcement of the provisions of the ordinance will result, in the circumstances, in unnecessary hardship to petitioners. In view of the facts the Board of Review had the power and we think it was their duty in the exercise of their legal discretion to authorize the exception and variance asked for by petitioners. The failure to grant the petition was, in the circumstances and in contemplation of law, an abuse of discretion. As the decision of this question is decisive of the appeal, it is unnecessary to consider the constitutionality of the ordinance.

It is ordered that the decision of the Board of Review be reversed. It is the duty of the Board of Review to grant the petitioners' application subject, of course, to such building regulations as are applicable. It is ordered that a copy of this opinion be transmitted to said board.

*Russell W. Richmond*, for petitioner.
*William C. H. Brand, Town Solicitor*, for respondent.