[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review for the Town of North Providence. The plaintiff here seeks reversal of the Board's decision dated July 24, 1990. In its decision, the Board reversed the action of the town's Building Inspector who had issued a building permit to the plaintiff. Jurisdiction in this Court is pursuant to § 45-24-20 R.I.G.L.
The case file was referred to this Justice for decision on January 23, 1991. It contained no certified record of the proceedings as required by § 45-24-20(a) R.I.G.L. and by Article X, Section 4(E) of the North Providence Zoning Ordinance. On April 17, 1991 the Court was furnished with a copy of the stenographic record of the hearing. But for plaintiff's counsel's assistance, the file would be completely devoid of any record whatsoever of what had transpired before the Board.
This is not the first time that this Court has had to remind the Board of its obligation under both the State law, as well as the town's own zoning ordinance, when an appeal from its action is filed in the Superior Court. Mandarelli v. Zoning Board ofNorth Providence, C.A. 79-4039 (1981). § 45-24-20 R.I.G.L. and ArticleX, Section 4(E) North Providence Zoning Ordinance both require the Board to certify to this Court within ten (10) days after service upon it of notice of an appeal:
 ". . . the original documents acted upon by it and constituting the record of the case appealed from or certified copies thereof."
The "original documents" referred to in the above quoted portion of the North Providence Zoning Ordinance includes the record of the proceedings before the Board; the record of the Zoning Official pertaining to the status of the existing zoning and sub-division if any, of the lot in question; the Zoning Official's certification in writing that the proposed use of the lot conforms to the provisions of the North Providence Zoning Ordinance; the building permit application and the copies of the plans stamped by a registered engineer, specifications, and any other supporting information filed by the plaintiff when he applied for the building permit. Article XI North ProvidenceZoning Ordinance.
In addition, the Board's decision should set forth its specific reasons, based upon what it sets out as the "substantial evidence" before the Board upon which its findings are made.
The necessity for compliance on the part of the Board with its clear legal obligation is clear, or should be clear, to anyone reading the stenographic transcript of the May 17, 1990 Board hearing. A reading thereof indicates that total confusion existed between the Board and its zoning officials as to just what was the size, status, existence and zoning pertinent to the lot in question. Astounding, would be the most polite description to be accorded the recorded statement of the Building Inspector and a Mr. Rendine, who apparently is a zoning official with regard to how the building permit in question was issued.
 Mr. DePetrillo: "I issued a permit upon the recommendation of the zoning official. Okay, they do all the checking as far as the zone goes, and its upon their recommendation that I issue the permits." "Joe Rendine and Leo Perrotta."
 Mr. Rendine: "Because it isn't up to us to read every ordinance, A; and B, if you read the ordinance, it says no more than thirty units may be constructed."
 Mr. Caranci: "On lots?"
 Mr. Rendine: "On lots 8, 9 and 10, there is a house already presently there, and then this was at the end, and the recorded lot, which is ll, was he supposed to throw it away, so that was it? We never even looked . ."
Before this Court can intelligently attempt to unravel the unusual blanket of confusion resulting in this appeal, it must insist upon receiving the certified records earlier noted as being the Board's obligation to provide to this Court.
For that specific purpose, this case is remanded to the Board. In that regard, the Board should not concern itself further with any consideration of whether or not the appellant before it is an "aggrieved party". It is an aggrieved party.Madden v. Zoning Board of Review, 48 R.I. 175 (1927) Aggrievement, in the zoning context includes aggrievement in both a personal and a public sense. East Providence v. Shell Oil Co.,110 R.I. 138, 142-143 (1972)
In the interest of fairness to the plaintiff, because of the long delay in failing to certify the record here on the part of the Board, this Court will retain jurisdiction of the case. If the required certified record, and the required findings by the Board are not returned to this Court on or before May 31, 1991, the Court will then, as permitted by law, review whatever and what little it does have in the way of a certified record, and decide therefrom if good and sufficient grounds exist to support the Board's decision. Hopf v. Zoning Board of Newport,102 R.I. 275, 288 (1967)
Counsel shall prepare and submit an appropriate Order for entry in accordance herewith, within ten days.