DECISION
Before this Court is an appeal from a decision of the Smithfield Zoning Board of Review. The plaintiff asks this Court to reverse the decision of the Zoning Board of Review of the Town of Smithfield and remand the matter for a full hearing on the merits. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
Facts/Travel
On August 9, 1991, Terry Courville and Twin Rivers Realty (defendants), filed an application for a special exception and a variance with the Zoning Board of Review of the Town of Smithfield (Zoning Board). Mr. Courville was the record owner of Assessor's Plat 42, Lot 174, and Twin Rivers Realty was the record owner of Assessor's Plat 42, Lot 175 in the Town of Smithfield. The land is located in a R-80 zone. Mr. Courville and Twin Rivers Realty requested a special exception in order to construct a miniature golf course and batting cages on their property.
Notice of the scheduled hearing concerning the defendants' requested special exception was publicized and mailed to all record owners within two hundred (200) feet of the property in accordance with § 8.4.6(b) of the Smithfield Zoning Ordinance. On September 25, 1991, a hearing was held regarding the defendants' application for the special exception. After reviewing the application, the Smithfield Zoning Board approved the special exception by a vote of 5-0. A written decision was filed by the Zoning Board on October 16, 1991.
After receiving the approval, the defendants attempted to acquire the necessary permits from the Department of Environmental Management (DEM) and the Building Official, but were unable to do so within one year, the expiration date of the special exception. On November 4, 1992, property owner and attorney, John Quattrocchi, wrote a letter requesting that the Board grant an extension of the special exception.
The Zoning Board scheduled a hearing regarding the defendants' request for an extension of the grant of the special exception for December 30, 1992. Public notice of the hearing was placed in the newspaper; however, the Board did not mail written notice of the hearing to property owners within two hundred (200) feet of the defendants' property. The hearing was held on December 30, 1992, and the Zoning Board approved the extension of the special exception through January 1, 1994. A written decision was filed on March 16, 1993.
On May 11, 1993, Twin Rivers Realty filed an application for a building permit with the Building Official of the Town of Smithfield. The Building Official issued a building permit on May 13, 1993.
On June 2, 1993, John Haronian (plaintiff) appealed the issuance of the building permit to the Smithfield Zoning Board of Review. The plaintiff and his wife are the record owners of property designated as lots 86 and 152 on Smithfield Assessor's Plat 42 and lots 794, 796 and 1045 on North Providence Assessor's Plat 21. All of these lots, while not within two hundred feet of the subject property are in close proximity.
The Board held a hearing on June 30, 1993 to address the plaintiff's appeal of the issuance of the building permit by the Building Official. After a lengthy hearing in which the Board questioned the parties extensively, the Board upheld the decision of the Building Official by a vote of 5-0. In a written decision, the Board stated two reasons for the denial of the plaintiff's appeal. First, the Board held that the plaintiff's appeal was not timely. Second, the Board found that the plaintiff did not have standing because he was not within two hundred (200) feet of the lot in question and he was not an "aggrieved party" within the meaning of the ordinance. The plaintiff filed a timely appeal requesting this Court to reverse the decision of the Zoning Board and remand the matter for a full hearing on the merits.
Standard of Review
The jurisdiction of this Court to review a decision of the Board is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20
(d) which provides as follows:
 "The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence in view of the whole record; or (6) characterized by an abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a Justice of the Superior Court "may not substitute [his] judgment for that of the zoning board if [he] conscientiously finds that the board's decision was supported by substantial evidence." Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 824-5 (1978). "Substantial evidence used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, (R.I. 1981) (CitingApostolou, 120 R.I. at 507, 388 A.2d at 821).
Issues on Appeal
On appeal the plaintiff contends that the Board committed an error of law when it denied his appeal on procedural grounds. Plaintiff specifically assigns as error the Building Official's issuance of the subject permit as said permit was based on an invalid grant of the special exception extension. Plaintiff further contends that the Board failed to provide the proper notice of the hearing on the special exception extension as required by § 8.4.6(b), thus rendering the granting of the extension invalid. Plaintiff concedes that as his property is outside the two hundred (200) foot radius, he technically was not entitled to receive the requisite written notice. However, he maintains he suffered aggrievement by the Board's not following the applicable ordinance requiring written notice to be mailed to all property owners within two hundred (200) feet. Specifically, plaintiff contends he was prejudiced by the allegedly defective notice in that he never heard of the scheduled hearing through the "talking" of those neighbors who should have received written notice.
Alternatively, the Board contends that the plaintiff's appeal of the Building Official's issuance of the permit is not timely as the substance of his attack is the granting of the special exception for which the plaintiff had respectively twenty days subsequent to the Board's decisions of October 16, 1991 and March 16, 1993 to file an appeal. The Board concurrently argues that the plaintiff's appeal of the building permit actually constitutes an appeal of the Zoning Board's earlier decisions to grant the special exception and the extension thereof. Furthermore, the Board maintains that as plaintiff failed to appear at either the September 25, 1991 or December 30, 1992 hearings and did not file, pursuant to § 45-24-26, an appeal of those Board decisions within twenty days, his current appeal of the Building Official's decision is untimely.
NOTICE PROVISIONS
It is well-settled that "The Courts have generally adopted the view that requirements respecting notice and hearing on the application to a zoning body or board for a special use permit are mandatory and jurisdictional so that failure to comply with such requirements will ordinarily invalidate the action of the zoning body or board in granting the special permit." Grotto v.Little Friends Inc., 432 N.E.2d 634, 636 (Ill. App.3d 1982). Furthermore, our Supreme Court has noted that adequate and sufficient notice of the pendency of zoning board action is a requirement of due process. Zeilstra v. Barrington Zoning Boardof Review, 417 A.2d 303, 307 (1980) (citations omitted). To comport with due process, Section 45-24-18 mandates that local boards set times for hearings. Specifically, interpreting this notice requirement of Section 45-24-18, our Supreme Court has held ". . . that these provisions of the statute are jurisdictional. To hear and determine such appeals depends on strict compliance therewith." Mello v. The Zoning Board ofReview of the City of Newport, 94 R.I. 49 [94 R.I. 43], 177 A.2d 533
(1962).
The "prescribed notice" required by the local Smithfield Ordinance is specifically set forth in Section 8.4.6(b):
 The Board shall publish notice of the hearing at least (10) days prior to the date of such hearing in a newspaper of general circulation in the Town; shall mail notices at least ten (10) days prior to the hearing by certified mail to the applicant and to property owners within two hundred (200) feet of the property in question . . .
It is undisputed that although notice of the subject December 30, 1992 hearing was pursuant to 8.4.6(b) properly published in theProvidence Journal, the required written notice was not mailed to property owners within two hundred (200) feet of the subject property as required by same Ordinance. As Section 8.4.6(b) mandates the procedure deemed effective to constitute notice in accordance with due process, the Board lacked jurisdiction to hear the matter of the extension of the special exception. Furthermore, it is well-settled that a building inspector has no authority to issue a permit for a use not authorized by the ordinance. Town of Charlestown v. Beattie, 422 A.2d 1250, 1252 (R.I. 1981). As the Smithfield Board lacked jurisdiction to grant the extensions of the special exception at a hearing not properly advertised, the Building Official's subsequent issuance of the building permit was subsequently rendered a nullity. See Id.
Plaintiff's appeal of the Building Official's May 13, 1993 permit was technically timely, as it was filed pursuant to Ordinance § 8.4.4(a)(1) within thirty days of issuance on June 2, 1993. However, the Board essentially contends that substantively the plaintiff's appeal was not timely as it related to the Board's previous granting of the special exception relief rather than to the actual issuance of the subject permit:
 MR. MURRAY: What I'm looking for, I asked you to address what grounds did the building official here do, not what problems the board did, but what did the building official do incorrectly in issuing the building permit, not what the zoning board did. I didn't see any of that.
 MR. HARONIAN: He did his job. He did his job as he saw it because he didn't know that the zoning board action upon which he based issuance of the permit was invalid. He didn't know it, but that doesn't make it right.
 MR. MURRAY: But he did nothing improper, is that what your testifying?
 MR. HARONIAN: Legally it was improper to issue a building permit based on an invalid grant. That's my argument.
(Tr. at 20-21).
Ordinance Section 8.4.4(a)(1) provides that when reviewing the action of the Building Official, the Board is limited to appeals where it is alleged there is an error in any order, requirement, decision, or determination by the official in the administration or the enforcement of the ordinance." It is well-settled that "Notice of a zoning board hearing is a jurisdictional prerequisite and that action taken by a board which has not first satisfied the notice requirements is a nullity." Corporation Service, Inc., v. Zoning Board of Reviewof the Town of East Greenwich, 114 R.I. 78 [114 R.I. 178], 180,330 A.2d 402, 404 (1975). (citations omitted). Therefore, a Building Official's issuance of a permit for a use not authorized by the ordinance is illegal and void. As the Zoning Board violated the ordinance provisions with respect to giving notice of the scheduled hearing at which the Board granted the extension of the special exception, the action of the Board and subsequently that of the Building Official in reliance thereon was void. Accordingly, the Building Official's issuance of the permit on the facts of record before this reviewing Court constituted the error which is properly reviewable pursuant to § 45-24-19(a) and Ordinance § 8.4.4(a)(1).
STANDING
Additionally, plaintiff's standing is also at issue before this Court of review. The Board contends that plaintiff's appeal must fail because as an abutting landowner he lacks standing to raise the issue of the inadequate notice of the landowners situated within two hundred (200) feet of the subject property. The Board further maintains that plaintiff, as an abutter, properly received published notices and was therefore not "aggrieved" by any alleged lack of personal notice required to be sent to the landowners within two hundred (200) feet of the subject property.
When a zoning board makes an exception to the terms of an ordinance, ". . . generally that action operates adversely to property rights of other landowners in the community. . . ."Cugini v. Chiaradio, 96 R.I. 120, 125 189 A.2d 798, 801 (1963). (Quoting Abbott v. Zoning Board of Review, 78 R.I. 84, 87,79 A.2d 620, 623 (1951)). Accordingly, as case law demonstrates, the standing of a property owner living outside the two hundred (200) foot radius of subject property has been frequently found. SeeJeffrey v. Platting Board of Review of the Town of SouthKingstown, 103 R.I. 578, 239 A.2d 731 (1968); Abbott, 78 R.I. at 84, 79 A.2d at 623; Flynn v. Zoning Board of Pawtucket,77 R.I. 118, 73 A.2d 808 (1950). Furthermore, In Dupont CircleCitizens Association v. District of Columbia Board of ZoningAdjustment, 403 A.2d 314 (1979), the Court found that a citizens association that had received proper notice of a zoning board hearing did have standing to assert the alleged failure of the zoning board to notify in writing other occupants of property situated near the subject property. The Dupont Court noted ". . . a party without actual notice could hardly be expected to appear at the proceeding to raise the issue " and further refused to ". . . speculate about how many more would have attended the hearing if proper notice had been given, or about whether additional attendance would have contributed to the dialogue."Id. at 317.
After review, this Court finds that plaintiff possessed the requisite standing both to bring the instant appeal as well as to raise on appeal the issue of the violation of the earlier hearing's notice requirements. Accordingly, after review of the record, this Court finds that the decision of the Zoning Board is in violation of ordinance provisions and affected by error of law, and that substantial rights of the plaintiff have thereby been prejudiced. This case is remanded to the Board for a de novo hearing on the extension of the special exception following notice required by law.
Counsel shall submit the appropriate order for entry.