DECISION
Before the Court are two appeals from decisions of the Zoning Board of Review of the Town of Tiverton (Board). The defendants, Alfred F. and Dorothea R. Almeida, are seeking a reversal of the Board's August 2. 1995 decision to deny their motion to dismiss the appeal of the issuance of a mechanical permit as untimely. The plaintiffs are seeking a reversal of the Board's August 16. 1995 decision denying their appeal of the issuance of the mechanical permit. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
Alfred F. and Dorothea R. Almeida (defendants) own the subject property described as Lot 25 of Assessor's Plat 9-7, located at 19 Rock Street, Tiverton R.I. See Application of Appeal to the Town of Tiverton Zoning Board of Review dated 7/11/95. Jose Carreiro, Basilio Pinheiro, Catherine Salvador and Antone Branco (plaintiffs) all own property located within two hundred (200) feet of the subject property. See Complaint dated 9/5/95. On February, 17, 1995, the Building Official and Zoning Officer of the Town of Tiverton issued a mechanical permit to operate a crematorium at the site. On July 11, 1995, the plaintiff, Catherine Salvador, filed an appeal of the issuance of the mechanical permit with the Board. At a properly advertised hearing held on August 2, 1995, the defendants made a motion to dismiss the appeal as untimely. The Board denied the motion and subsequently upheld the Zoning Officer's issuance of the permit.See Zoning Board of Review Decision of August 2, 1995; Zoning Board of Review Decision of August 16, 1995. The appeals before this court follow from these decisions of the Board.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 § 45-24-69(D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are.
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the Board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters. AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
 The Motion to Dismiss
The defendants appealed the Board's denial of their motion to dismiss the appeal as untimely. Pursuant to § 45-24-64 of the enabling act, "[a]n appeal to the zoning board of review from a decision of any zoning enforcement agency or officer may be taken by an aggrieved party." Section 45-24-64 further provides that "[t]he appeal shall be taken within a reasonable time of the date of the recording of the decision by the zoning enforcementofficer or agency (emphasis added)." Pursuant to Article XV, § 4 of the Tiverton Zoning Ordinance (Ordinance). thirty (30) days constitutes a reasonable time within which an appeal of a decision of the Tiverton Zoning Officer must he taken.[1] In the instant matter, the decision appealed from by the plaintiffs is the issuance of a mechanical permit by the Tiverton Zoning Officer. It is undisputed that in Tiverton mechanical permits are not recorded, nor is the recording of such permits required under the Ordinance.
In construing a statute, the court is to establish and effectuate the intent of the Legislature. Rhode Island StateLabor Relations Board v. Valley Falls Fire District,505 A.2d 1170, 1171 (R.I. 1986) (citing Howard Union of Teachers v.State, 478 A.2d 563 (R.I. 1984)). Legislative intent is determined from an examination of the "language, nature and object of the statute." D'Ambra v. North Providence SchoolCommittee, 601 A.2d 1370, 1374 (R.I. 1992). "Absent a contrary intent the words in the statute must be given their plain and ordinary meaning. * * * Furthermore in construing a statute, [the court] must adopt a construction that does not effect an absurd result." Id. General laws § 45-24-64 clearly and unambiguously states that the appeals period is triggered by the date of the recording of the permit. However, in the instant matter, if the court were literally to apply § 45-24-64, the mechanical permit at issue would remain appealable for an indefinite period of time as the appeal period would never begin to run. Our Supreme Court has recognized that the purpose behind an appeals period is to provide the landowner with security in putting his or her land to the use granted by a permit. Hardy v. Zoning Board of Review,
supra. Accordingly, a literal interpretation of § 45-24-64 would produce an absurd result in cases where, as here, the decision being appealed from is not required to be recorded.
Prior to the enactment of § 45-24-64, § 45-24-16, which was repealed effective December 31, 1994 addressed the timeliness of appeals to the board of review from administrative decisions of local officials. Section 42-24-16 provided that appeals by an aggrieved party to the board of review "shall be taken within a reasonable time, as provided by the rules of the board." In the context of appeals of the issuance of building permits, our Supreme Court held that the time period for taking an appeal under § 45-24-16 began to run when the appellant had constructive knowledge of the decision, i.e., when the appellant became chargeable with knowledge of the decision from which an appeal was sought. Hardy v. Zoning Board of Review, supra. The Court further held that the reasonable time for appeal from the grant of a building permit does not necessarily begin to run the moment the permit is issued or the construction commenced. Id.
However, the Court recognized that actual knowledge of the decision unavoidably triggers the appeal period. See ElmcrestRealty Co. v. Zoning Board of Review, 78 R.I. 432, 82 A.2d 846
(1951) (appeal period triggered where issuance of permits and prospective building operations were public and admittedly known to remonstrants). At the basis for this standard is the axiom that "[t]o require a man to seek a remedy before he knows of his rights, is palpably unjust." Hardy v. Zoning Board of Coventry, 113 R.I. at 379, 321 A.2d at 291 (citing Wilkinson v.Harrington, 104 R.I. 224, 243 A.2d 745 (1968). Accordingly, where the administrative decision appealed from is not recorded, the time period for taking an appeal under § 45-24-64 would begin to run when the appellant has actual or constructive knowledge of the decision.
The Board voted three to two to deny the motion to dismiss the appeal as untimely. See Zoning Board of Review Decision of August 2. 1995. In so deciding, the Board had before it the following testimony:
 "Mr. Chairman: When did you first learn that building permit had been issued?
 Mrs. Salvador: When I went to see Mr. Dumas. I think it was three or four days after the equipment was delivered on June 16th.
 Mr. Chairman: Approximately the 19th?
 Mrs. Salvador: Yeah, I believe so.
 . . .
 Mr. Gorton: Mrs. Salvador, when did you file your appeal of the mechanical permit that is the subject of this hearing tonight?
 Mrs. Salvador: Within the 30 days of activity that I've seen.
 Mr. Gorton: Can you tell me the date that you actually went to the building inspector's office and filed the appeal?
 Mrs. Salvador: July 11th.
 . . .
 Mr. Gorton: So how did it come that the date was changed from February 17th to June 16th?[2]
 Mrs. Salvador: Because I told [Mr. Dumas] I seen activity on June 16th, and I didn't know anything about the mechanical permit until that Tuesday or Wednesday after I seen the equipment being delivered and I told him that was wrong."
(Tr. 23-24; 29-30). When reviewing the decision of the Board, this court is not to determine the credibility of the witnesses and, therefore, on this factual issue this court must sustain the determination reached by the Board. Kirby v. Planning Bd. ofReview, 634 A.2d 285 (R.I. 1993).
A review of the record reveals, however, that Mrs. Salvador was not the sole owner of the property. At the hearing the following discussion took place:
 "Mr. Cort Chappell: Is your husband here tonight?
 Mrs. Salvador: No he's not.
 Mr. Cort Chappell: Does your husband own the property jointly with you?
 Mrs. Salvador: Yes he does."
(8/2/95 Tr. at 35). The record does not reveal the nature of the property's co-ownership. However, for the purposes of the matters raised here on appeal, the court will assume that Mr. and Mrs. Salvador own the property as tenants in common.[3]
Mrs. Salvador appealed the issuance of the mechanical permit to contest the operation of a crematorium at the site. Section45-24-31(4), defines an aggrieved party as:
 "(a) any person or persons or entity or entities who can demonstrate that their property will be injured by a decision of any officer or agency responsible for administering the zoning ordinance of a city or town; or
 (b) anyone requiring notice pursuant to this chapter."
The proximity of one's property to the subject property is the key criterion to establish `aggrievement.' DiIorio v. ZoningBoard of Review of City of East Providence, 105 R.I. 357,252 A.2d 350 (1969). Accordingly, both Mr. and Mrs. Salvador, as co-owners of property located within two hundred (200) feet of the subject property, were aggrieved by the issuance of the mechanical permit and had standing to file a timely appeal of its issuance to the Board. See Flynn v. Zoning Board of Review,77 R.I. 118, 73 A.2d 808 (1950) (owner of property in vicinity and in view of subject property was aggrieved by change in use).
It is generally held that where several persons have common interests in the same subject matter, notice to one is notice to all, 66 C.J.S. Notice § 19(f)(2); Cf. 20 Am.Jur.2d Cotenancy and Joint Ownership § 113 (service of notice upon one tenant in common is binding upon others where they are engaged in a common enterprise). By filing the appeal Mrs. Salvador was seeking redress for an injury to the property as a whole; not to the several interest in the property she holds as a tenant in common. As co-owners of the property. Mr. and Mrs. Salvador have a common interest with respect to any injury to the property that may result from the operation of a crematorium at the site. Accordingly, consideration of both Mr. and Mrs. Salvador's knowledge of the mechanical permit is essential to an appropriate determination of the timeliness of the appeal.
The issue of notice presented by the instant appeal is distinguishable from the statutorily mandated notice to interested parties and members of the public of the time fixed for a hearing of a zoning matter. Notice of the time fixed for a hearing, "is purposed upon affording those having an interest an opportunity to present facts which might shed light on the issue before the Board . . . and upon assisting `the board to do substantial justice to an applicant while preserving the spirit of the ordinance under consideration.'" Carrol v. Zoning Bd. ofProvidence, 104 R.I. 676, 679, 248 A.2d 321, 323 (1968) (citingMello v. Zoning Board of Review, 94 R.I. 43, 49-50,177 A.2d 533, 536 (1962)). Such notice is a jurisdictional prerequisite and is aimed at affording due process to all interested parties.Id.
In contrast, there is no statutory requirement that interested parties be served with notice of an administrative decision from which an appeal may be taken. Such notice, however, once acquired, triggers the appeal period. Where actual notice of the decision is lacking, aggrieved parties are chargeable with notice when they knew or should have known of the decision appealed from. Hardy, v. Zoning Board of Coventry, 13 R.I. at 382, 321 A.2d at 292-3. Notice in this context requires the exercise of due diligence on the part of the appellants. Id.
This requirement furthers the purpose of the appeals period which is to provide the landowner with security in putting land to the use granted by a permit. Here, substantial justice required the Board to consider the due diligence of both Mr. and Mrs. Salvador in discovering the administrative decision.
The record reveals that Mr. Salvador had actual knowledge of the issuance of the mechanical permit at some time prior to May 16, 1995, the date on which Mr. Eccles, the Building Inspector who issued the permit, was replaced by his successor, Mr. Dumas. At the hearing, the following discussion took place with respect to Mr. Salvador's knowledge of the mechanical permit issued to the defendants:
 "Mr. Cort Chappell: Were you present at the Council meeting on July 10th?
 Mrs. Salvador: Yes.
 Mr. Cort Chappell: Do you recall making a statement that, "My Husband had gone down and talked to Mr. Eccles about the crematorium"?
 Mrs. Salvador: He called Mr. Eccles.
 Mr. Cort Chappell: He called Mr. Eccles to inquire about the crematorium, you know that?
 Mrs. Salvador: I believe so.
 . . .
 Mr. Cort Chappell: Now do you know if that call was made to Florida?
 Mrs. Salvador: No, he called him, I guess, here Tiverton.
 Mr. Cort Chappell: But when he called him in Tiverton . . . it presumably was before Mr. Eccles went to Florida?
 Mrs. Salvador: Yeah, he had to.
 Mr. Cort Chappell: And it was also when Mr. Eccles was still the building inspector?
 Mrs. Salvador: I believe so.
 Mr. Cort Chappell: Have you personally had any conversation with any representatives, lawyers state reps., or any members of the Department of Health regarding stopping the state permit?
 Mrs. Salvador: No, I haven't.
 Mr. Cort Chappell: Do you know whether your husband has?
 Mrs. Salvador: Bill Enos. I think he's a state representative.
 Mr. Cort Chappell: Enos. And that was also back in April or May, was it not?
 Mrs. Salvador: Yeah, I think it was in April.
 Mr. Cort Chappell: Now, the only reason to go forward and talk to these people to stop the crematorium was because you had knowledge that Mr. Almeida was trying to put a crematorium in?
 Mr. Gorton: Objection, She didn't go forward and talk to anybody.
 Mr. Cort Chappell: Your husband did?
 Mrs. Salvador: Yes.
 Mr. Cort Chappell: And your husband's not here, he's a joint owner of the property, but you're hear?
 Mrs. Salvador: Hmm-hmm."
(8/2/95 Tr. at 36-39). In light of this testimony, the Court finds that the Board had before it competent evidence to find that Mr. Salvador had actual knowledge of the mechanical permit as early as April 1995. As a co-owner of the property and an aggrieved party, Mr. Salvador's actual knowledge of the issuance of the mechanical permit in April 1995 triggered the running of the thirty (30) day appeal period. Accordingly, the instant appeal which was filed on July 11, 1995 exceeded the thirty day limit set out in Article XV, § 4 of the Ordinance. Therefore, the Board's decision to deny the motion to dismiss the appeal as untimely was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, and substantial rights of the defendants were thereby prejudiced.
After review of the entire record, this Court reverses the August 2, 1995 decision of the Tiverton Zoning Board of Review and need not consider the merits of the plaintiff Catherine Salvador's appeal, which is herein rendered moot.
Counsel shall submit the appropriate judgment for entry.
[1] In Hardy v. Zoning Board of Review, 113 R.I. 375321 A.2d 289 (1974), the Rhode Island supreme Court held that the thirty (30) day appeal period prescribed in the ordinance constituted sufficient compliance with the statutory requirement that appeals be taken within a reasonable time.
[2] On the application for appeal, Mrs. Salvador inserted "6/16/95" as the "date of alleged error."
[3] A tenancy in common is the least restrictive form of co-ownership, as opposed to the remaining types of cotenancy: joint tenancy and tenancy by entirety. As tenants in common the owners are deemed to own an undivided interest in the whole, and their interest may be deemed several or joint. 20 Am.Jur.2dCotenancy and Joint Ownership §§ 31 10. Accordingly, the court's assumption will aid in the resolution of the issues presented without prejudicing any greater rights in the property which Mrs. Salvador may have.